451 A.2d 681

**Lorraine B. DAMERON, Appellant,**

v.

**WOODS RESTAURANT, INC.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1981.

Filed Aug. 20, 1982.

Reargument Denied Oct. 28, 1982.

Petition for Allowance of Appeal Denied Feb. 17, 1983.

348

Samuel H. Elkin, Pittsburgh, for appellant.

Vincent C. Murovich, Pittsburgh, for appellee.

Before SPAETH, HESTER and JOHNSON, JJ.

SPAETH, Judge:

This is an appeal from an order striking a confessed judgment. The judgment was confessed under a warrant of attorney contained in a commercial lease. As required by Pa.R.C.P. 2959(a), appellee filed a single petition asking the lower court to strike or open the judgment. In striking the judgment, the court relied on *Edward Bershad Company v. Babe's Bar, Inc.,* 254 Pa.Superior Ct. 477, 386 A.2d 50 (1978), which we had overruled, albeit less than two months previously, in *Evans v. Blimpie Base, Inc.,* 284 Pa.Superior Ct. 256, 425 A.2d 801 (1981). Although appellee has argued that

the judgment was properly stricken even without the authority of *Bershad,* we do not agree. Therefore we reverse and remand so that the lower court may consider whether the judgment should be opened.

Appellant owns a building in Pittsburgh, at 213–215 Wood Street. Appellee operates a restaurant in the building. On April 1, 1976, appellant and appellee entered into a lease. The lease included, in section 9.2, a warrant of attorney authorizing confession of judgment against appellee for possession and unpaid rent for the balance of the lease in the event of any default by appellee of its obligations under the lease not cured within 30 days. The lease also included, in section 3.4, a covenant that appellee would "not make or permit to be made any alterations, improvements and additions to the Leased Premises or any part thereof that affect the structural portions of the building, except by and with the written consent of the LESSOR first had."

On January 3, 1980, appellant filed a "Complaint for Confession of Judgment in Ejectment and for Money Damages." Paragraph 3 of the complaint incorporated by reference the lease, which was attached as an exhibit. Paragraphs 6 through 9 averred that contrary to the provisions of the lease, appellee had made alterations that affected structural portions of the building, including alterations to the roof and other parts of the building, to accommodate heating, ventilating and air conditioning equipment with a duct system running through to the roof; that these alterations were not made in accordance with applicable building and safety codes; and that the alterations had caused damage to the building. Paragraph 11 pleaded the terms of the warrant of attorney contained in the lease. Paragraph 12 averred that appellee had been given notice of its default of its obligations under the lease, and a copy of the letter giving notice was attached as an exhibit, and paragraph 13 averred that appellee had failed to cure the default.

■ The lower court properly read *Edward Bershad Company v. Babe's Bar, Inc.,* as restricting the entry of confessed judgment to cases where the propriety and amount of the

judgment can be determined solely from the instrument that authorized the judgment, in this case, the lease. We overruled *Bershad* because it ignored the distinction between cases in which the amount due can be determined from the instrument, when the prothonotary may enter judgment, Pa.R.C.P. 2951(a), and cases in which the instrument authorizes confession of judgment but computation of the amount requires consideration of matters outside the instrument, Pa.R.C.P. 2951(b), when the action must be commenced by filing a complaint in the form provided by Pa.R.C.P. 2952. *Evans v. Blimpie Base, Inc., supra.* Here, appellant filed a complaint in the form provided by Pa.R.C.P. 2952, and it was clearly error for the lower court to strike the judgment because reference to matters outside the lease—but within the complaint—was necessary to determine the default and assess the amount due.

In arguing that the judgment was properly stricken even without the authority of *Bershad,* appellee says that accepting as true all of the averments of fact in appellant's complaint, which for purposes of a petition to strike we must, *Northway Village No. 3, Inc. v. Northway Properties, Inc.,* 430 Pa. 499, 244 A.2d 47 (1968), still, the complaint does not clearly aver the occurrence of default. Also, appellee says, we must resolve any doubts about default in its favor, since confession of judgment is oppressive. *Kline v. Marianne Germantown Corporation,* 438 Pa. 41, 263 A.2d 362 (1970); *Northway Village, No. 3, Inc. v. Northway Properties, Inc., supra.*

■ Appellee's statement of the law is correct. If, as is so here, the entry of judgment is conditioned on the occurrence of default, the failure of the complaint to plead that a default has occurred is a defect apparent on the face of the record and the judgment is subject to be stricken. However, we do not agree that appellant's complaint does not sufficiently plead the default.

■ Pa.R.C.P. 2952(e) requires only that "if the judgment may be entered only after a default," the complaint must

contain "an averment of the default." This may be contrasted with the requirement of Pa.R.C.P. 1019(b) that "[a]verments of fraud or mistake shall be averred with particularity." Here, appellant's complaint contains an averment that appellee has made alterations to the building contrary to Section 3.4 of the lease, "all of which constitutes a default thereunder." Complaint, paras. 6, 8. Appellee objects that the complaint does not specify exactly when the alleged alterations were made or the extent of the alleged damage to the roof, but under section 3.4 neither the exact time of the work nor the extent of any damage is material to a determination of whether the covenant not to make structural alterations has been violated.

Appellee also argues that we should look to all of the sections of the lease in determining whether a default has been sufficiently pleaded. It argues that the work that appellant averred violated section 3.4 was in fact required by section 3.3 of the lease. Section 3.3 provides that appellee will maintain the building in a clean, safe and sanitary condition and will make all necessary interior repairs.

It would certainly have done no harm if appellant had included in her complaint an averment to the effect that appellee's work not only violated section 3.4 but was not permitted by any other section. However, such an averment is fairly implied by the complaint as a whole. We believe that appellee's argument that its actions were permitted or even required by sections of the lease other than section 3.4 is in the nature of an affirmative defense, and as such, not something that appellant was bound to plead. Such a defense must be pleaded by appellee as new matter, Pa.R. C.P. 1030, which means here, where judgment has been confessed, as part of its petition to open the judgment, Pa.R.C.P. 2959–2960. In fact appellee has so pleaded. Accordingly, on its petition to open it may offer whatever evidence it has in support of its affirmative defense.

The order of the lower court striking the judgment is reversed and the case is remanded for consideration of

whether the judgment should be opened. We do not retain jurisdiction.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent. I would affirm on the Opinion of Judge Farino of the court below.