450 A.2d 1028

**Harry S. and Carol Ann OWENS,**

v.

**Russell S. and Letha R. McCURDY, Appellants.**

Superior Court of Pennsylvania.

Submitted March 10, 1982.

Filed Sept. 24, 1982.

Roger Mattes, Scranton, for appellants.

Joseph D. Paparelli, Scranton, for appellees.

Before WICKERSHAM, CIRILLO and LIPEZ, JJ.

CIRILLO, Judge:

This is an appeal from an Order denying a petition to open or, in the alternative, strike a judgment by confession. Since the order was prematurely entered, we remand for further proceedings consistent with Pa.R.C.P. 209.

On June 24, 1981, Harry S. Owens and Carol Ann Owens, his wife, appellees, filed a complaint in confession against Russell S. McCurdy and Letha R. McCurdy, his wife, appellants, pursuant to Pa.R.C.P. 2951(b). Appellants, on July 15, 1981, filed a petition to open or, in the alternative, strike the confessed judgment, pursuant to Pa.R.C.P. 2959. The appellants alleged a meritorious defense of fraud in the inducement by incorporating into their petition to open the aver-

ments contained in their action at equity.[1] In his answer to the petition to open, the appellee denied the appellants' allegations and demanded strict proof thereof. The trial court at this point, and with nothing more before it than contradictory pleadings, refused to open the confessed judgment based solely upon the appellant's failure to establish that a meritorious defense existed. This was incorrect.

The trial court held that absent depositions and admissions, it was without sufficient evidence to support the opening of the confessed judgment. This lack of evidence rather than supporting the refusal to open the judgment, left the trial court with contradictory pleadings, which placed the trial judge in a position where he had no basis to accept one version in preference to the other. *Instapak v. S. Weisbrod Lamp and Shade,* 248 Pa.Super. 176, 374 A.2d 1376 (1977).

 When the court determines that a respondent has effectively denied the material allegations in a petition to open a confessed judgment, as here, the petitioner must proffer clear and convincing evidence to substantiate his averments. *Johnson v. Leffring,* 211 Pa.Super. 84, 235 A.2d 435 (1967). The mechanism to compel said proof is provided for in Pa.R.C.P. 209, 42 Pa.C.S.A., which states:

If, after the filing and service of the answer, the moving party does not within fifteen days: (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the

---

1. The appellants alleged in paragraph four that an action in equity had been commenced in the Common Pleas Court of Lackawanna County, No. 81 Equity 60, to rescind the agreement upon which judgment was subsequently confessed, alleging "fraud in inducement." The complaint in equity was "incorporated by reference." Certainly, proof of fraudulent inducement would be a meritorious defense to the underlying contract, upon which the confession of judgment is based.

answer shall be deemed admitted for the purpose of the rule); *the* respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

 Thus, the petitioner bears the burden of supporting his allegations of fact by depositions. *Reztback v. Berman Co.,* 222 Pa.Super. 523, 294 A.2d 917 (1972). Only after the petitioner is ruled to proceed and fails to either take depositions or order the case for argument on the petition and answer, will the factual allegations of the respondent be taken as true. *Smith v. Dale,* 405 Pa. 293, 175 A.2d 78 (1961).

Here, as in *Instapak,* neither party had taken any action under Rule 209 when the lower court ruled on the petition. Rather than wait for the parties, the court, sua sponte, could have ordered the parties to proceed under Rule 209. *Maurice Goldstein Co. v. Margolin,* 248 Pa.Super. 162, 374 A.2d 1369 (1977); *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577 (1979).

 Instead, the court went forward and decided the petition on the pleadings alone. This was incorrect. On the issue of meritorious defense, the court had no evidence before it, only contradictory pleadings. Therefore, the trial court had no basis to accept the appellees' version over the appellants' and, as such, the refusal to open the confessed judgment was premature.

Reversed and remanded to the trial court for further proceedings consistent with this Opinion. We do not retain jurisdiction.