518 A.2d 856

**Warren G. LIPPIN and Elaine Lippin, his wife**

**v.**

**Victor J. ALIPRANDO, Individually, and t/d/b/a VJA Associates, Appellants.**

Superior Court of Pennsylvania.

Submitted Aug. 18, 1986.

Filed Dec. 12, 1986.

Marshall E. Anders, Stroudsburg, for appellants.

Matthew D. Blumberg, Milford, for appellees.

Before CIRILLO, President Judge, MONTGOMERY and CERCONE, JJ.

CIRILLO, President Judge:

This is an appeal from an order of the Court of Common Pleas of Pike County denying appellant's petition to strike or open a judgment.

On December 12, 1984, appellees, Warren G. Lippin and Elaine Lippin, filed suit against appellant, Victor J. Aliprando, alleging breach of a construction contract. The Sheriff of Pike County served the complaint upon the appellant on December 20, 1984. On January 8, 1985, a notice was issued to appellant, informing him that since he had not answered the Lippins' complaint, a default judgment would be entered against him if he did not respond within ten days. Aliprando filed a *pro se* answer on January 18, 1985. He failed to serve his answer upon the Lippins and on January 30, they filed a praecipe for entry of default judgment. The prothonotary entered such a judgment against Aliprando in the amount of $10,354.78. On March 4, Aliprando, now represented by counsel, filed a petition to strike and open the judgment. That same day the court held a hearing and denied Aliprando's petition. The court stated that the default judgment was properly entered because of Aliprando's failure to serve his answer upon the Lippins. Aliprando has appealed the trial court's refusal to open the judgment.

The sole issue presented for our review is whether this refusal was improper. We find that it was, and reverse.

An appellate court may only reverse a trial court's decision not to open a default judgment if that decision is an abuse of discretion or is clearly an error of law. *Roberts v. Roberts*, 298 Pa.Super. 307, 309, 444 A.2d 1188, 1189 (1982). The party seeking to open the judgment must demonstrate: (1) that the petition to open was timely filed; (2) the default was reasonably excused or explained; and (3) the existence of a meritorious defense. *Maruccio v. Houdaille Industries Inc.*, 254 Pa.Super. 560, 562–63, 386 A.2d 91, 93 (1978).

Aliprando asserts that the default judgment should never have been entered since he had filed an answer to the

Lippins' complaint. He claims that a prothonotary may not enter a default judgment if a defendant has filed an answer. We agree. The Pennsylvania Rules of Civil Procedure require that an answer must be "served upon every party to the action...." Pa.R.C.P. 440. Appellant filed an answer but he admits that he failed to serve the Lippins as required by the above rule.

Rule 1037 provides two procedures whereby a default judgment may be entered. The court may do so upon motion of a party. Pa.R.C.P. 1037(c). The Lippins made no such motion in the instant case. Also, the "prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time an answer to a complaint...." Pa.R.C.P. 1037(b). The rule specifies that a prothonotary may only enter a default judgment if no answer has been *filed.* The rule does not empower the prothonotary to take any action because of a defendant's failure to serve the answer upon the plaintiff. Mr. Aliprando filed an answer on January 18, therefore the prothonotary wrongfully entered the default judgment on January 30. If the Lippins wished to secure a default judgment because of Aliprando's lack of service, their only recourse was to request that the court so move under 1037(c). Instead, they proceeded under 1037(b). A default judgment must be in strict compliance with the law. *See Phillips v. Evans,* 164 Pa.Super. 410, 412, 65 A.2d 423, 424 (1949). In the instant case, the judgment was entered in clear violation of the letter of the law. Therefore, we find that Aliprando's default has been reasonably explained.

We also note that the petition to open was timely filed only a few short weeks after the judgment was entered. Aliprando also alleges a meritorious defense to the underlying breach of contract action. In his petition, he claimed that he substantially performed the work contracted for and that it was the Lippins who breached the contract.

Aliprando has satisfied all of the requirements necessary to open a default judgment and he has demonstrated that

the hearing court erred as a matter of law.   Therefore, we reverse.

Order reversed.