## MOBILE TRANSPORT TECHNOLOGIES, INC.,

v.

## S.I. SCOOTERWORKS LLC.

### No. CIV. A. 01–2075.

United States District Court, E.D. Pennsylvania.

Aug. 1, 2001.

J. Manly Parks, Duane, Morris & Heckscher, LLP, Philadelphia, PA, for plaintiff.

Alan R. Boynton, Mc Nees, Wallace & Nurick, Harrisburg, PA, J. Manly Parks, Duane, Morris & Heckscher, LLP, Philadelphia, PA, for defendant.

### *MEMORANDUM*

LUDWIG, District Judge.

Defendant Si[1] ScooterWorks, LLC moves to open the judgment entered by confession on May 4, 2001, and to stay execution and discovery. Fed.R.Civ.P. 60(b); Pa. R. Civ. P. 2959. Plaintiff Mobile Transport Technologies, Inc. filed a response. Jurisdiction is diversity. The two motions will be granted.

The facts asserted in defendant's motion are as follows: Plaintiff Mobile Transport Technologies, Inc. is a California corporation that designs and develops electric scooters and carts, and defendant Scooter-Works is a Pennsylvania limited liability

---

**1.** Caption is "S.I.," motion to open, "Si."

company that distributes recreational scooters. Def. mot. at 1. In January, 2001 these companies entered into a license agreement, which is the subject of this dispute. The agreement granted defendant a license of "certain patent rights and knowhow ... with respect to an electric vehicle propulsion system for two wheel scooters" in exchange for a present payment and subsequent royalty payments to plaintiff. License agmt. at 1, 3. A promissory note for $100,000 included in the agreement contained a confession of judgment in the event of defendant's default in payment.[2] Def. mot. at 1. The note, which was security for the initial payment, was due in part on March 20, 2001.[3]

Before entering into the license agreement, Scooterworks had signed a confidentiality agreement and had examined the scooter at Mobile Transport's place of business in California. After the license agreement was executed, Scooterworks received and tested a prototype of the scooter. Because the prototype did not fulfill Mobile Transport's performance representations, Scooterworks did not make payment on the promissory note. Mobile Transport filed the confession of judgment, which defendant moved to open on June 19, 2001.

■ This action in diversity is governed by state substantive and federal procedural law. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Chamberlain v. Giampapa,* 210 F.3d 154, 158 (3d Cir.2000). A motion to open a judgment is considered under Federal Rule of Civil Procedure 60(b). However, substantive analysis of the motion— such as possible defenses to plaintiff's breach of contract claim—is a matter of state law, which here is the law of Pennsylvania. *Federal Deposit Insurance Corporation v. Deglau,* 207 F.3d 153, 159 (3d Cir.2000); *Antipas v. 2102, Inc.,* No. Civ. A. 98–1145, 1998 WL 306537, *2 (E.D.Pa. June 9, 1998); Pa. R. Civ. P. 2959. Judgment by confession is an unusual creation of Pennsylvania law and has been the subject of much federal court criticism. *See e.g., Deglau,* 207 F.3d 153.

■ In Pennsylvania, a defendant may challenge a confessed judgment by filing a petition to open. Pa. R. Civ. P. 2959. "If evidence is produced which in a jury trial would require the issues to be submitted to the jury, the court shall open the judgment." *Id.* at (e). To determine if there is a triable issue, a directed verdict standard is used: the facts are viewed in the light most favorable to the petitioner. *Deglau,* 207 F.3d at 167; *Two Brothers Scotto v. SDG Macerich Properties, L.P.,* No. Civ. A. 99–5485, 2000 WL 1052017, *8 (E.D.Pa. July 24, 2000).

**2.** The clause:

Events of Default: If any of the following events of default ... shall occur for any reason whatsoever ... a court or governmental authority of competent jurisdiction shall enter an order appointing, without the consent of the affected parties, a custodian, receiver, trustee or other officer with similar powers with respect to Maker or with respect to any substantial part of its property, or an order for relief shall be entered in any case or proceeding for liquidation or re-organization or otherwise to take advantage of any bankruptcy or insolvency law of any jurisdiction, or any petition for any such relief shall be filed against Maker, and such order or petition shall not be dismissed within (60) sixty days.
Def. ex. B ¶ 3.

**3.** Mobile Transport had represented to Scooterworks that it had developed a new scooter technology that was purportedly reflected in performance data and patent applications. Def. mot. at 2.

■ The basis of Scooterworks motion, in part, is that Mobile Transport "breached its License Agreement by failing to diligently prosecute patents relating to the technology in question." Def. brief at 10. While conceding that it did not file a final patent application until April 26, 2001, Palmer aff. ¶ 4, Mobile Transport contends that it acted diligently and that "it is simply *not possible*" for Scooterworks to have been prejudiced by the patent prosecution time period. Def. memo at 16. The materiality of this issue is debatable, but Scooterworks' motion also raises whether it was induced to enter into the agreement by fraudulent misrepresentations as to the capabilities of the newly developed scooter. Though Mobile Transport counters this defense with the parol evidence rule, *see Iron Worker's Savings and Loan Assoc. v. IWS, Inc.*, 424 Pa.Super. 255, 622 A.2d 367, 372 (1993) (parol evidence is admissible only to prove fraud in the execution, not in the inducement), the opening of a confessed judgment is equitable in nature, *see Allied Bldg. Prods. v. Delco Roofing Co.*, 951 F.Supp. 1183, 1192 (E.D.Pa.1996) ("Fraud, fraud in the inducement, and misrepresentations provide meritorious defenses in a petition to open the judgment."). Here, these issues are sufficiently meritorious to require submission to a fact finder.

■ "Whether to stay execution until the petition to strike or open the judgment is decided is a matter for the court's discretion." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1262 (3rd Cir.1994). Here, because the judgment will be opened, the stay of execution is appropriate.[4]

4. In turn, discovery in aid of execution will also be stayed.