577 A.2d 636

**Robert S. DAVIS**

v.

**The WOXALL HOTEL, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1990.

Filed July 10, 1990.

Roger B. Reynolds, Norristown, for appellant.

John A. Greenhall, Philadelphia, for appellee.

Before ROWLEY, BECK and MONTGOMERY, JJ.

BECK, Judge:

The primary issue in this case is whether Pa.R.Civ.P. 2952(f) requires a plaintiff, when confessing judgment against a defendant under the terms of a commercial agreement for less than the full amount provided for under the agreement, to itemize the principal amount alleged due in the complaint to show how the judgment was computed.

This is an appeal from an order denying appellant's two petitions, one to open and the other, separately filed, to strike a judgment by confession entered pursuant to a commercial lease. Appellant The Woxall Hotel, Inc. ("Woxall"), operates a hotel on property owned by appellee Robert S. Davis ("Davis"). The parties entered into a lease agreement for a term of 75 months beginning December 1, 1983, for a rental of $53,953.78, to be paid in 74 monthly installments of $568.75, the balance to be paid in the 75th month. The lease agreement contains two provisions permitting the lessor, Davis, to confess judgment against the lessee, Woxall, for payment of money in the event that the rent remains unpaid five days after it is due, and for possession of the property in the event of a breach of a condition of the lease. In November of 1988, Davis filed a Complaint for Confession of Judgment pursuant to Pa.R. Civ.P. 2951(b),[1] and judgment was confessed against Woxall in ejectment and for payment of money in the amount of $35,152.72. Appellant filed separate petitions to open and to strike the judgment which the trial judge denied after a hearing. Woxall filed a timely notice of appeal.

We first consider the issue Woxall raised in its petition to strike the judgment, whether the record in this case is defective due to an inadequate itemization of the amount due in the complaint under Pa.R.Civ.P. 2952(f). We note preliminarily that a confessed judgment is properly stricken only when there is a defect in the judgment apparent on the face of the record. *Parliament Industries, Inc. v. William H. Vaughan & Co., Inc.*, 501 Pa. 1, 7–9, 459 A.2d 720, 724 (1983); *Reichert v. TRW, Inc.*, 385 Pa.Super. 416, 422–24, 561 A.2d 745, 748 (1989). Our concern therefore, is whether the record as filed by Davis is adequate to sustain the judgment, or is defective in some way. *Par-*

---

1. **Pa.R.Civ.P. 2951 METHODS OF PROCEEDING**

(b) If judgment by confession is authorized by the instrument but may not be entered by the prothonotary under subdivision (a), an action shall be commenced by filing a complaint substantially in the form provided by Rule 2952....

*liament Industries,* 501 Pa. at 7–9, 459 A.2d at 724; *Malakoff v. Zambar, Inc.,* 446 Pa. 503, 506, 288 A.2d 819, 821 (1972).

Rule 2952(f) provides that a complaint for confession of judgment shall contain "an itemized computation of the amount then due, based on matters outside the instrument if necessary, which may include interest and attorney's fees authorized by the instrument[.]" Woxall argues that because it is unclear on what basis judgment was confessed, Davis was required to make an accounting in the complaint of precisely which months unpaid rent are represented in the judgment.

█ The Complaint for Confession of Judgment in the instant case itemizes the judgment as follows:

| | |
|---|---|
| Principal amount due | $33,478.78 |
| Collection fees (5%) | $ 1,673.94 |
| Total | $35,152.72 |

Woxall's position is that the principal amount should have been further itemized to show how the judgment was computed. We disagree, and hold that the itemization contemplated by Rule 2952(f) permits the listing of the principle amount due under a commercial lease agreement in one lump sum. *See Courshon v. United States Heritage, Inc.,* 71 D. & C.2d 38 (Adams Co.1975); *see also* 11 Standard Pa.Practice 2d § 67:63.

█ We construe Rule 2952(f) in this manner for the following reasons. When a complaint for confession of judgment is filed pursuant to Rule 2951(b), the plaintiff need only aver a default and allege the amounts due. *Van Arkel & Moss Properties v. Kendor, Ltd.,* 276 Pa.Super. 547, 550–52, 419 A.2d 593, 595 (1980). Unless it is evident from the face of the instrument that the judgment is grossly excessive, or includes recovery for items not authorized by the instrument, a challenge to the accuracy of such amounts should be resolved by a petition to open the judgment. *Id.; J.F. Realty Co. v. Yerkes,* 263 Pa.Super. 436, 439–41, 398 A.2d 215, 217–18 (1979). The procedures by which a party can contest the factual averments in the

complaint are provided for in the Rules of Civil Procedure. Pa.R.Civ.P. 2959. The party against whom judgment is confessed has the burden of disproving the averments it challenges. *Haggerty v. Fetner,* 332 Pa.Super. 333, 338–39, 481 A.2d 641, 644 (1984); *Owens v. McCurdy,* 304 Pa.Super. 510, 512–13, 450 A.2d 1028, 1030 (1982). On this basis we conclude that Rule 2952(f) does not require the party seeking confession of judgment pursuant to the terms of a commercial lease to itemize the monthly rentals represented in the judgment. To hold otherwise would serve to shift the burden to the plaintiff, and this we decline to do.

Since appellant failed to disclose a defect in the judgment that is apparent on the face of the record, the trial judge properly denied the petition to strike the judgment.

▮ Woxall raises two other issues on this appeal. It next argues that the judgment should have been stricken because the complaint admits that Davis accelerated rental payments on an improper basis. This issue has not been preserved for appellate review.

▮ After entry of judgment by confession, appellant filed a "Petition to Strike Judgments." The only issue raised in this petition alleges error due to the lack of an itemized computation of amounts due. Three weeks later, appellant filed a "Petition to Open Judgments," which contains twenty-two paragraphs, but does not articulate any specific defenses.[2] Defenses to a confessed judgment that are not contained in the petition to open or strike the judgment are waived. Pa.R.Civ.P. 2959(c); *Duque v. D'Angelis,* 390 Pa.Super. 136, 139, 568 A.2d 231, 233 (1990); *Mellon Bank v. Rafsky,* 369 Pa.Super. 585, 593–96, 535 A.2d 1090, 1094 (1987), *appeal granted,* 518 Pa. 650, 544 A.2d 961 (1988). Since this issue was not raised in either

---

**2.** The procedure appellant followed itself constitutes error. The rules provide that when seeking relief from a confessed judgment, "[a]ll grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition...." Pa.R.Civ.P. 2959 (emphasis added). Appellant filed two petitions, one to strike and one to open judgment.

the petition to strike or the petition to open, we find that it has been waived.[3]

■ Woxall finally contends that entry of judgment by confession in this case was premature because the trial judge denied the petitions to open and strike before either party took action under Pa.R.Civ.P. 209. We disagree.

Rule 209 sets forth the duty of a petitioner to proceed after an answer is filed. It provides:

If, after the filing and service of the answer, the moving party does not within fifteen days:

(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or

(b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule);

the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

On its face, Rule 209 does not apply when, as in this case, the court lists the case for argument. *Arthurs Travel Center, Inc. v. Alten*, 268 Pa.Super. 330, 333–35, 408 A.2d

3. Appellant raised this issue in a statement of matters complained of on appeal, filed pursuant to a request by the trial court under Pa.R.A.P. 1925(b), but failed to raise it in the petition to open or in the petition to strike. A party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order. *Commercial Credit Corp. v. Cacciatore*, 343 Pa.Super. 430, 434–35, 495 A.2d 540, 543 (1985). Appellant also raised this issue in a "Brief on Petition to Open Judgment." This document is contained in the reproduced record, (compiled by the parties and entitled "Supplemental Record") but it is not contained in the certified record on appeal, nor does the docketing statement reflect that it was ever filed with the court below. Therefore, we cannot consider it.

490, 492 (1979). The "spirit" of the rule does apply, however, and when a petitioner has had ample opportunity to take depositions, but neglects to do so, a ruling on a petition to open or strike a confessed judgment is not premature, as it is proper for the trial judge at that point to treat as admitted all averments of fact in the responsive pleadings. *Id.*

In the instant case, Woxall filed the petitions to strike and open, to which Davis filed responsive pleadings. Two orders were issued by the court, one on January 4, 1989, and one on January 24, 1989, both titled "Order Sur Petition To Strike," which clearly state that discovery in this case "shall be completed within 60 days of the date of this order." Woxall took no depositions in response to these orders. Thereafter, the trial judge considered all Davis' averments of fact responsive to Woxall's petitions as true. Oral argument was heard on this matter on July 26, 1989, and the trial judge issued the order denying the petitions to strike and open the judgment on August 3, 1989. It is clear from these facts that Woxall had ample opportunity to schedule depositions but neglected to do so. We therefore conclude that denial of the petitions to open and strike was not premature. *Compare, Owens,* 304 Pa.Super. at 512–13, 450 A.2d at 1030 (ruling on petition to open on basis of pleadings held premature absent court order to proceed with discovery and absent any action by the parties pursuant to Rule 209).

Woxall makes one final argument in its defense. It contends that an order to complete discovery does not satisfy Rule 209 because the rule expressly provides that parties must "take *depositions* on disputed issues of fact." (Emphasis added). Woxall argues that "depositions" do not fall within the meaning of "discovery," and denial of its petition absent an express order to take depositions was premature. This argument is frivolous. Discovery includes the taking of depositions. Pa.R.Civ.P. 4001.

The order denying petitions to open and strike is affirmed.