**Abbotts Square Condominium Association, Inc. v.
Stobba Residential Association, L.P.**

514

*Edward J. Hayes*, for appellants
*Kenneth Ferris*, for appellee

TUCKER, *J.*, August 2, 2013—

## I. Procedural History

This matter comes before the court on appeal from an order denying Stobba Residential Associates, L.P. and Stobba Residential GP, LLC's (hereinafter referred to as "appellants") petition to strike/open confession of judgment order entered by J. Tucker (05/06/2013). The court, upon consideration of the petition and responses

thereto, refused to strike and/or open the confession of judgment entered in favor of Abbotts Square Condominium Association, Inc. (hereinafter referred to as "appellee") against appellants in the Philadelphia County Court of Common Pleas. Confession of J. filed (01104/2013); order entered by J. Tucker (05/06/2013). The basis of this judgment is on appeal.

On May 24, 2013, appellants timely filed an appeal of the court's May 5, 2013 order. On May 30, 2013, this court ordered appellants to file a concise statement of matters complained of on appeal pursuant to Pa. R.A.P. 1925(b) ("1925(b) statement"). On June 17, 2013, appellants timely filed their 1925(b) statement.

Appellant's 1925(b) statement states that this court erred in several regards. However, after careful review, this court finds these claims to be without merit. Although appellants argue that they were not a party to the warrant of attorney upon which judgment was confessed because they did not sign the declaration of condominium containing the provision, the court finds that appellants knew or should have known that the provision was intended to be incorporated into the agreement based on the language of the contract and the parties' prior course of dealings. Furthermore, appellants have failed to set forth a meritorious defense with sufficient evidence. Thus, this court did not err in denying appellants' motion to strike/ open confession of judgment. A discussion ensues:

## II. Facts

The Abbotts Square Condominium was created by the

recording of a declaration of condominium (hereinafter referred to as "declaration") executed March 22, 1985 and recorded in the Office of the Department of Records of Philadelphia on April 2, 1985. Ans. to pet. to strike/open confessed J. (02/25/2013). Appellee exists as the "Unit Owner's Association" for the purposes set forth in the declaration. Confession of J. filed (01/04/2013). Article 13.1 of the declaration grants appellee the authority to make common expense assessments and special assessments due on or before the first day of each month.[1] Confession of J. filed (01/04/2013). Furthermore, a delinquent unit owner shall be obligated to pay all such expenses which constitute part of the delinquent assessments. *Id.*

The Declaration contains the following clause:

13.7 Confession of Judgment. IN ORDER TO EXPEDITE THE EXECUTIVE BOARD'S COLLECTION OF ANY DELINQUENT ASSESSMENTS, EACH UNIT OWNER (BY THE ACCEPTANCE OF THE DEED TO HIS UNIT) SHALL BE DEEMED TO HAVE APPOINTED ANY ONE OR MORE EXECUTIVE BOARD MEMBERS THE ATTORNEY-IN-FACT FOR SUCH UNIT OWNER TO CONFESS JUDGMENT AGAINST SUCH UNIT OWNER IN ANY COURT OF COMPETENT JURISDICTION IN PENNSYLVANIA, FOR ANY SUCH UNPAID ASSESSMENT(S), WHICH

---

1. 68 Pa. C.S.A. §3302 and §3314 permit a condominium association to levy and collect regular monthly assessments and special assessments for the maintenance of the common elements, and to levy expense assessments as to units where the expense is caused by negligence or misconduct on the part of a unit owner.

APPOINTMENT (BEING FOR SECURITY) SHALL BE IRREVOCABLE; AND FOR SO DOING A COPY OF THIS ARTICLE 13 AND SAID DEED, BOTH VERIFIED BY AFFIDAVIT, SHALL BE SUFFICIENT WARRANT. THE AUTHORITY GRANTED HEREIN TO CONFESS JUDGMENT SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL THE DECLARATION SHALL BE TERMINATED.

Confession of J. filed (01/04/2013), at ex. A. Appellants are not signatories to the declaration. Motion to strike/open confessed J. (02/06/2013).

On December 14, 2004, appellant Stobba Residential Associates, LP (hereinafter referred to as "Stobba LP") took title to the eleven (11) condominium units from Grantor Stobba Associates, LP by way of a recorded deed. Ans. to pet. to strike/open confessed J. (02/25/2013). Appellant Stobba Residential, GP, LLC (hereinafter referred to as "Stobba GP") is the general partner of Stobba LP. *Id.* The deed dated December 14, 2004 is signed by Eric Blumenfield on behalf of Stobba LP and Stobba GP. Confession of J. filed (01/04/2013), at ex. B; ans. to pet. to strike/open confessed J. (02/25/2013).

The deed provides:

ALL THOSE CERTAIN CONDOMINIUM UNITS AND THE COMMON ELEMENTS APPURTENANT THERETO DESCRIBED ON EXHIBIT A ATTACHED HERETO AND MADE APART HEREOF

Confession of J. filed (01/04/2013), at ex. B. Exhibit A to the deed contains a legal description of the condominium units involved in the 2004 transaction and provides, in relevant part:

> ALL THOSE CERTAIN UNITS IN THE PROPERTY KNOWN, NAMED AND IDENTIFIED AS ABBOTTS SQUARE CONDOMINIUM LOCATED IN PHILADELPHIA, COMMONWEALTH OF PENNSYLVANIA, WHICH HAS HERETOFORE BEEN SUBMITTED TO THE PROVISIONS OF THE UNIFORM CONDOMINIUM ACT 68 PA. C.A. 3101 ET SEQ. BY THE RECORDING IN THE PHILA. DEPARTMENT OF RECORDS OF A DECLARATION DATED 3/22/1985 AND RECORDED ON 4/2/1985 IN DEED BOOK FHS 112 PAGE 306...

Confession of J. filed (01/04/2013), ex. A.

In 2006, Stobba LP applied to the condominium association to subdivide certain condominium units. In response, the declaration was amended to reflect this subdivision on July 14, 2006 and recorded on July 27, 2006. Confession of J. filed (01/04/2013); confession of J. filed (01/04/2013), at ex. C. The amended declaration states that "the Declaration encumbers certain real estate described in Exhibit A attached hereto and made a part hereof." *Id.* Exhibit A to the amended declaration describes the property of Abbotts Square Condominium. This amended declaration is signed only by appellee but references appellants by name (regarding the requested subdivision). *Id.*

On January 4, 2013, appellee, in response to appellants' failure to make payments for assessments, levied against the units in the amount of one hundred and twenty-three thousand two hundred and twelve dollars and forty-eight cents ($123,212.48), and filed a complaint in confession of judgment against appellants pursuant to the warrant of attorney contained in the declaration. Ans. to pet. to strike/open confessed J. (02/25/2013). Appellants responded by filing a motion to strike/open confession of judgment, arguing that judgment by confession cannot be entered against them because they are not a signatory to the warrant of attorney; Stobba GP is not a party to the deed; and that the complaint does not set forth sufficient facts to enable the court to determine if they are in default. Mot. to strike/open confessed J. filed (02/06/2013). Appellee subsequently filed an answer to appellants' motion to strike/open confession of judgment. Ans. to. mot. to strike/open confessed J. filed (02/25/2013). On May 06, 2013, this court denied appellants' contested motion to strike/open confession of judgment. Order entered by J. Tucker (05/06/2013).

### III. Legal Analysis

a. The court did not err in denying appellants' motion to strike confession of judgment because the confession of judgment provision was incorporated into the deed and the conduct of the parties indicates an intention for the incorporation of the declaration into the deed.

This court properly denied appellants' motion to strike confession of judgment. A motion to strike confession of judgment is governed by Pa. R.C.P. 2959. Pa. R.C.P. 2959.

It is well settled that a confessed judgment is properly stricken only when there is a fatal defect in the judgment that is apparent on the face of the record. *Rittenhouse v. Barclay White, Inc.*, 625 A.2d 1208, 1210 (Pa. Super. 1993) (*citing Davis v. Woxall Hotel, Inc.*, 577 A.2d 636, 638 (Pa. Super. 1990) (citations omitted)). In considering the merits of a petition to strike, the court is limited to a review of only the record as filed by the party in whose favor the warrant is given, i.e., only the complaint and the documents which contain the confession of judgment clauses. *Atlantic National Trust, LLC v. Stivala Investments, Inc.*, 922 A.2d 919, 922 (Pa. Super. 2007)(*citing Resolution Trust Corp. v. Copley Qu-Wayne Assocs.*, 683 A.2d 269, 273 (Pa. 1996)). Matters dehors the record filed by the party in whose favor the warrant is given will not be considered. *Resolution Trust Corp*, 683 A.2d at 273. Therefore, if the truth of the factual averments contained in such record is disputed, then the remedy is by a proceeding to open the judgment and not to strike the judgment. *Id.* at 273.

A confession of judgment shall not be stricken where the record is self-sustaining. *Resolution Trust Corp*, 683 A.2d at 273. A record is self-sustaining where the warrant of attorney is in writing; is signed by the person to be bound by the warrant of attorney; and the signature is in direct relation to the warrant of attorney. *L.B. Foster Co. v. Tri-W Construction Company, Inc.*, 186 A.2d 18, 19-20 (Pa. 1962)(citing *Frantz Tractor Co. v. Wyoming Valley Nursery*, 120 A.2d 303, 306-07 (Pa. 1956)). To be sure, the authority to confess judgment must be clear and explicit; an agreement containing a warrant of attorney must be strictly construed. *Solebury Nat'l Bank v. Cairns,*

380 A.2d 1273, 1275 (Pa. Super. 1977).

Where a party has signed an agreement with clear and unambiguous language, the plain language of the agreement cannot be ignored. *Herman v. Stern*, 213 A.2d 594, 598 (Pa. 1967). As such, a general reference in the body of an agreement to a warrant of attorney or confession of judgment clause outside the agreement is insufficient to bind the signatory, unless the signatory signs the warrant of attorney where it appears. *L.B. Foster Co.*, 186 A.2d at 19-20. In addition, a modified contract incorporates a warrant of attorney from the original contract if it is clearly and expressly incorporated into the modified contract. *Frantz Tractor Co.*, 120 A.2d at 306-07. Moreover, when the prior course of dealings between the patties indicates their clear intention to have a warrant of attorney confession of judgment provision incorporated into an agreement, or that the parties knew or should have known that an outside provision was included in the contract, such language is sufficient to put the parties on notice of the inclusion of the provision, and is therefore binding. *Westinghouse Electric Co. v. Murphy, Inc.*, 228 A.2d 656, 661 (Pa. 1967)(giving force to an indemnity clause included in the appendix to a written agreement and comparing indemnity clauses to confession of judgment clauses).

Here, the declaration properly incorporated the confession of judgment clause into the deed to the condominium units. The deed, signed by appellant Stobba LP, makes explicit mention of the recorded declaration and that the property is subject to its provisions. Appellants claim that the motion to strike confession of judgment

should be granted because they did not sign the declaration. However, this is impracticable. The declaration was signed and recorded in 1985 when the association was created. It is impracticable for every purchaser of condominium units to sign the declaration, in turn requiring the document to be re-recorded. It is for this reason that the deed for each unit incorporates the declaration, encumbering each unit to its provisions. This puts a reasonable purchaser of a condominium unit on notice of the declaration. Appellants either knew or should have known that this provision was included in the contract.

The Pennsylvania Uniform Condominium Act, 68 Pa. C.S. §3301 et seq. governs the management of condominiums. 68 Pa. C.S. §3302 enumerates the powers of unit owners' associations. Here, appellee had the authority to enact rules and regulations for the governance of the condominium and the power to levy assessments for common area expenses. 68 Pa. C.S. §3302. Of special note, the association may "exercise any other powers conferred by the declaration or bylaws." 68 Pa. C.S. §3302(a)(14).

Stobba Associates LP (not to be confused with Stobba LP) took title to the condominium property at some point between 1985 and 2004,[2] then conveyed the units to appellant Stobba LP in December of 2004. During and after this time period, appellants accepted the benefits of common element maintenance services rendered by appellee. These services, as well as the

---

2. Neither appellants nor appellee indicate when Stobba Associates LP took title to its units. Neither party discusses the relationship between Stobba Associates LP and Stobba LP.

subsequent assessments levied, are made possible for condominium unit owners due to the provisions of the declaration. Furthermore, appellant Stobba LP's application to subdivide condominium unit in 2006 evidences knowledge of the policies and procedures of the declaration. Appellants' conduct indicates knowledge of the declaration. As such, they either knew or should have known of the confession of judgment provision.

Appellant Stobba GP claims that they are not a party to the deed and as such, even if appellant Stobba LP is bound by the deed and the declaration, Stobba GP is not. This claim is inapposite. Stobba GP is the general partner of Stobba LP. The courts have consistently held that a partnership is not a legal entity separate and distinct from that of the individuals who compose it. It is, rather, a relation or status between two or more persons who unite their labor or property to carry on a business for profit. *Morrison's Estate*, 22 A.2d 729 (Pa. 1941). Moreover, the Pennsylvania Revised Uniform Limited Partnership Act provides that a limited partnership is composed of one or more general partners, and that the general partner has unlimited liability for the obligations of the partnership. 59 Pa. C.S. §8533. Therefore, appellant Stobba GP, as the general partner of Stobba LP, is liable for the partnership's debts and is a proper party defendant in an action against the partnership.

Based on the declaration's incorporation into the deed for appellants' units and the conduct of appellants evidencing knowledge of the declaration, the warrant of attorney confession of judgment clause was properly

incorporated in the agreement. This is not a case where a confession of judgment was "foisted upon anyone by implication or by general and non-specific reference." *Franz*, 120 A.2d at 305. Rather, appellants either knew or should have known of such a provision. This court properly denied appellant's motion to strike confession of judgment because there were no fatal defects on the face of the self-sustaining record in this matter.

b. The court did not err in denying appellants' motion to open confession of judgment because they did not present a meritorious defense.

This court also properly denied appellants' motion to open confession of judgment. Like a motion to strike confession of judgment, a motion to open confession of judgment is also governed by Pa. R.C.P. 2959. Pa. R.C.P. 2959. The decision whether to open a confessed judgment involves an exercise of the court's equitable powers. *Rittenhouse*, 625 A.2d at 1210 (*citing Continental Bank v. Axler*, 510 A.2d 726, 728 (Pa. Super. 1986)). In reviewing a petition to open judgment, the trial court should view the proffered evidence in the light most favorable to the petitioner. *Rittenhouse*, 625 A.2d at 1210. A judgment taken by confession will only be opened if the petitioner acts promptly, alleges a meritorious defense, and presents sufficient evidence of that defense to require submission of the issues to the jury. *Id.* A meritorious defense is a defense that if proven at trial would justify relief. *Smith v. Morrell Beer Distribs.*, 29 A.3d 23, 26-28 (Pa. Super. 2011). Evidence of a meritorious defense must be "clear, direct, and precise, and believable." *Germantown Savings*

*Bank v. Talacki*, 657 A.2d 1285, 1289 (Pa. Super. 1995).

Here, appellants do not seriously dispute the fact that amounts are owed. Rather, they claim that appellee did not properly itemize the amounts allegedly due. This does not constitute a meritorious defense to a confession of judgment. In interpreting the sufficiency required of a confessed judgment, the Superior Court has held that Pa.R. C.P. 2952(f) (pertaining to confessions of judgment) does not require the party seeking confession of judgment to itemize the monthly rentals represented in the judgment. *Woxall Hotel*, 577 A.2d at 638.

Nevertheless, the complaint sufficiently itemizes the amounts allegedly due. Article 13.6 of the declaration provides that a delinquent unit owner shall be obligated to pay all expenses, including attorney's fees, incurred in the collection of delinquent assessments and that such expenses constitute part of the delinquent assessments that are collectible. Confession of J. filed (01/04/2013), at ex. A. Here, appellee confessed judgment for one assessment, in two types: assessments in arrears and a special assessment for roof repair. *Id.* Specific money amounts are provided for each condominium unit, totaling one hundred and twenty-three thousand two hundred and twelve dollars and forty-eight cents ($123,212.48). Confession of J. filed (01/04/2013).

This court did not err in denying appellants' motion to open confession of judgment because appellants' have failed to assert a meritorious defense.

## IV. Conclusion

The court properly denied appellants' motion to strike confession of judgment because the confession of judgment provision was properly incorporated in the agreement. Therefore, there were no fatal defects on the face of the record. With regard to the motion to open confession of judgment, appellants failed to allege a meritorious defense in response to the assessments. The court's ruling should stand.