J-A05044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANTANDER BANK, N.A., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KING DRIVE CORP.; A LA CARTE ENTERPRISES, INC.; ANGINO & ROVNER, P.C. AND RICHARD C. ANGINO AND ALICE K. ANGINO, H/W, | |
| Appellants | No. 2346 EDA 2014 |

Appeal from the Order Entered July 23, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 0330 March Term, 2014

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED APRIL 28, 2015**

Appellants King Drive Corporation ("King Drive"), A La Carte Enterprises, Inc. ("A La Carte"), Angino & Rovner, P.C., Richard C. Angino and Alice K. Angino, h/w, ("Anginos") (collectively "Appellants"), appeal from a July 23, 2014 order from the Court of Common Pleas of Philadelphia County, denying Appellants' Petition to stay, strike, order discovery, hold a hearing, or open judgment.  We affirm.

The trial court summarized the facts of this case as follows:

> Plaintiff Santander Bank ("Santander") and defendants King Drive Corporation ("King Drive") and A La Carte Enterprises ("A-La-Carte"), entered into a number of commercial loan agreements beginning in 2007.  Under these contractual relationships, Santander agreed to provide funds to defendants

for the development of a golf course and annexed facilities in Dauphin County, Pennsylvania.

On July 3, 2007, Santander and King Drive executed a Construction Loan and Security Agreement ("Loan No. 1"). Under the terms of Loan No. 1, Santander agreed to provide to King Drive funds in the amount of $2 million. The maturity date of this loan, July 1, 2009, could be extended for one year subject to the conditions contained in the Loan Agreement. The Loan No. 1 agreement contained a pacing provision which required borrower to sell a specified number of property lots within each year. The promissory note on Loan No. 1 was guaranteed by individual defendants Richard C. Angino and Alice K. Angino (the "Anginos"). Furthermore, the promissory note on Loan No. 1 was secured by a mortgage on a property (the "Mockingbird Drive Property"), which was owned by defendant King Drive.

On November 28, 2007, King Drive executed and delivered to Santander a Mortgage Loan Note in the amount of $3.5 million for a second loan provided by Santander (Loan No. 2). On the same date, King Drive also executed and delivered to Santander a Line of Credit Promissory Note, in the amount of $750,000, for a loan provided by Santander to cover the working capital needs of King Drive (Loan No. 3). In addition, Loans Nos. 2 and 3 were secured by an Unlimited Guaranty and Suretyship Agreement executed by the Anginos. This agreement was accompanied by an "Explanation and Waiver of Rights Regarding Confession of Judgment," which was executed by the Anginos. Pursuant to the language therein, the Anginos acknowledged that Santander could exercise the right to confess judgment against them.

On November 28, 20[07], defendant A-La-Carte executed and delivered to Santander a Line of Credit Promissory Note for a fourth loan ("Loan No. 4"), in the amount of $750,000. Pursuant to the Line of Credit Promissory Note, A-La-Carte empowered Santander to confess Judgment against A-La-Carte in any court of record in Pennsylvania or elsewhere. Loan No. 4 was also guaranteed by the Anginos under an Unlimited Guaranty and Suretyship Agreement dated November 28, 20[07]. The above mentioned guaranty and suretyship agreement was also backed by an Explanation and Waiver of Rights Regarding Confession of Judgment. Pursuant to the language in the waiver, the Anginos "irrevocably and

unconditionally" waived any immunity for themselves, their properties and assets, in the event of any legal suit arising under Loan No. 4. In addition, Loan No. 4 was also guaranteed under the terms of an Unlimited Guaranty and Suretyship Agreement executed by Angino & Rovner, P.C. ("Angino & Rovner"), a law firm controlled in whole or in part by individual defendant Richard C. Angino, Esquire.

On July 14, 2011, Santander and defendants entered into a "Loan Modification Agreement." Pursuant to this loan modification, the maturity date for repayment of all loans was extended to December 31, 2013. In addition, defendants King Drive, A-La-Carte, Angino & Rovner, Richard C. Angino and Alice K. Angino, agreed to supplement collateral security to the loans with additional mortgages upon the residence and vacation home of the Anginos, as well as a separate parcel of land owned by defendants.

On July 19, 2012, the parties entered into a "First Amendment to Agreement Modification of July 14, 2011." On December 27, 2012, the parties entered into a Second Amendment to the Modification Agreement dated July 14, 2011. The original loan modification agreement and its two amendments contained warrants of attorney to confess judgment against each defendant in any court of record.

On February 1, 2013, the instant defendants filed a complaint in the Court of Common Pleas, Berks County, against Santander's predecessor in interest and two other parties. The complaint asserted claims which included breach of contract, breach of fiduciary duty and breach of the duty of good faith and fair dealing. On June 25, 2013, the Court of Berks County sustained the preliminary objections to the complaint, dismissed the complaint in its entirety, and granted the instant defendants leave to file an amended complaint. On July 11, 2013, the instant defendants filed an amended complaint in the Court of Berks County against Santander's predecessor in interest and another defendant, Weir and Partners, LLP. However, the Berks County court found that the amended complaint offered allegations which were substantially similar to those asserted in the original complaint. Consequently, the court in Berks County

again sustained the preliminary objections to the amended complaint. Herein defendants filed an appeal which is still pending before the Pennsylvania Superior Court.[1]

By letter dated July 17, 2013, Santander informed the Anginos that they were in default for failure to pay to Santander $500,000 as required pursuant to the modifications to the loan agreements executed by the parties. The letter gave the Anginos ten (10) days to cure the default. None of the instant defendants was able to cure.

On March 20, 2014, Santander filed a praecipe for entry of judgment confession with an accompanying complaint. On April 17, 2014, all defendants in the instant action filed a petition to stay, strike, order discovery, hold a hearing, and/or open judgment, accompanied by a memorandum of law. Santander timely filed a response and memorandum of law in opposition to the petition of defendants. On June 5, 2014, the parties met at an unsuccessful settlement conference chaired by a Court-appointed Judge pro-tempore. Subsequently, the Court held a hearing on July 9, 2014.

Trial Court Opinion, 7/24/14, at 1–5 (footnotes omitted). On July 24, 2014, the trial court denied Appellants' petition. Appellants filed a timely appeal.

Appellants' brief describes the issues on appeal as follows:[2]

1. Did the trial court err when Defendants requested a hearing and an opportunity to be heard, the trial court scheduled a hearing, but refused to permit Defendants to call witnesses or offer exhibits and limited defense counsel to a brief oral argument?

_____

[1] On January 18, 2015, a panel of this court affirmed the Berks County court order sustaining the preliminary objections to Appellants' amended complaint. *Angino, et al. v. Santander, et al*, No. 489 MDA 2014 (Pa. Super. filed January 28, 2015) (unpublished memorandum at 15). On April 2, 2015, Appellants' petition for reargument *en banc* was denied.

[2] The trial court did not order Appellants to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

2. Should the Santander Confession of Judgment be opened based upon the meritorious defenses presented in the instant law suit that include identical issues in the Court of Common Pleas of Berks County involving the same parties in reverse roles, Civil Action - Law - Equity, No. 13-1563, under the principal of *lis pendens* which is currently on appeal to the Superior Court based upon the trial court's grant of Santander's preliminary objections to Plaintiffs Amended Complaint with prejudice. The following meritorious issues have been raised and are pending from Plaintiffs' Amended Complaint and present Defendants' appeal to the Superior Court including the following:

a. Does [there] exist a duty of good faith and fair dealing in the lender/lendee context in Pennsylvania in certain situations?

b. Do the factual averments in Plaintiffs' Berks County Amended Complaint aver sufficient facts to present to a jury Santander's violation of its duty of good faith in the context of Santander's threat of foreclosure, coerced forebearance agreement, the terms of the forebearance agreement, First and Second Amendments, and refusal to cooperate with Defendants in obtaining refinancing and/or sale[s] of parcels of Defendants' secured property and therefore constitute meritorious defenses in the instant Confession of Judgment action?

c. Did Santander commit a breach of contract when it revoked irrevocable letters of credit due to the Defendants?

d. Do the factual averments in Defendants' Amended Complaint in the Berks County action and the supporting exhibits evidence or state a claim for breach of contract under the reasonable expectations doctrine?

e. Do the factual averments in Defendants' Amended Complaint in the Berks County action and the exhibits evidence or state a claim for breach of contract under the defense of impracticability?

f.    Do the factual averments in Defendants' Amended Complaint in the Berks County action and the exhibits evidence or state a claim for breach of contract under the defense of waiver or estoppel?

g.    Do the factual averments in Defendants' Amended Complaint in the Berks County action and the exhibits evidence or state a claim for breach of contract under the tort of civil conspiracy?

h.    Do the factual averments in Defendants' Amended Complaint in the Berks County action and the exhibits evidence or state a claim for breach of contract under the tort of defamation?

i.    Do the factual averments in Defendants' Amended Complaint in the Berks County action and the exhibits evidence or state a claim for breach of contract under the tort of fraud?

Appellants' Brief at 5–6 (*verbatim*).

Appellants' argument that the trial court erred in denying them a hearing on the merits of their petition to open judgment because they were not permitted to call witnesses, offer exhibits, or produce evidence, is impossible to evaluate. What is known is that the trial court held a hearing on Appellants' motion on July 9, 2014. Appellants did not file any discovery requests prior to the hearing. The record does not indicate that Appellants requested that the hearing be transcribed. More importantly, the record on appeal does not include a transcript of the hearing as required by the Pennsylvania Rules of Appellate Procedure. **See** Pa.R.A.P. 1911(a) (announcing general rule that Appellant shall request any transcript required for appeal) and Pa.R.A.P. 1921 (the transcript of proceedings, *inter alia*,

shall constitute the record on appeal). Nor did Appellants attempt to comply with the procedure outlined in Pa.R.A.P. 1923 regarding statements in absence of transcript. Without a transcript we are unable to determine what transpired at the hearing. We cannot discern whether a request for an expanded hearing was presented, or the trial court's response, if any, to such a request. Since the record in this case does not contain the facts necessary to evaluate the validity of Appellants' argument on this issue, we cannot consider it on appeal. **Conner v. Daimler Chrysler Corp.**, 820 A.2d 1266, 1273 (Pa. Super. 2003).[3]

Appellants also argue that the trial court erred in denying their petition to open the judgment. A petition to open the judgment is governed by Pa.R.C.P. 2959[4] and is an appeal to the equitable powers of the court.

---

[3] In its Memorandum Opinion denying Appellants' motion, the trial court did not specifically address whether it met its obligation concerning the extent of the hearing it conducted on Appellants' petition. The trial court, however, observed in a footnote that:

> 'in the context of a judgment confessed . . . the hearing required to comport with due process means simply an opportunity to be heard; it does not require a proceeding comparable to a full trial, but may be satisfied by other procedural opportunities to be heard, such as a petition to open judgment . . . .'

Trial Court Opinion, 7/24/14, at 5 n.17 (quoting **Dollar Bank, Federal Savings Bank v. Northwood Cheese Co., Inc.**, 637 A.2d 309, 313 (Pa. Super. 1994)) (citation omitted).

[4] Rule 2959 provides generally that:

*(Footnote Continued Next Page)*

*Crum v. F.L. Shaffer Co.*, 693 A.2d 984, 986 (Pa. Super. 1997). As such, it is committed to the court's sound discretion. *PNC Bank v. Kerr*, 802 A.2d 634, 638 (Pa. Super. 2002). Relief may be granted only where the petitioner presents evidence of a meritorious defense that is "clear, direct, precise, and believable." *Germantown Savings Bank v. Talacki*, 657 A.2d 1285, 1289 (Pa. Super. 1985) (citation omitted). The burden rests on the party against whom judgment was confessed to disprove the facts contained within the confession of judgment. *Davis v. Woxall Hotel, Inc*, 577 A.2d 636, 638 (Pa. Super. 1990). Ordinarily, an order denying the petition will not be disturbed absent a manifest abuse of the trial court's discretion. *Smith v. Friends Hospital*, 928 A.2d 1072, 1074 (Pa. Super. 2007).

Appellants contend that the confession of judgment entered should be opened under the principle of *lis pendens* in that the meritorious defenses presented in this action encompass the identical issues litigated in the Berks

*(Footnote Continued)* ———————

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

Pa.R.C.P. 2959.

County action that Appellants initiated against Santander. These issues include: 1) the existence of a duty of good faith and fair dealing in the lender-borrower context; 2) whether Santander breached this duty; 3) Santander breached a contract when it revoked lines of credit; 4) breach of contract under reasonable expectations doctrine; 5) breach of contract under defense of impracticability; 6) breach of contract under defense of waiver or estoppel; 7) breach of contract under tort of civil conspiracy; 8) breach of contract under tort of defamation; and 9) breach of contract under tort of fraud. Appellants' Brief at 5–6.

In Pennsylvania, "[w]hen two lawsuits are pending, the common law doctrine of *lis pendens* permits the dismissal of the newer suit if both suits involve the same parties, the same relief requested, the same causes of action, and the same rights asserted." ***Barren v. Commonwealth***, 74 A.3d 250, 253 (Pa. Super. 2013). Additionally, "an abeyance may be appropriate even where the petitioner cannot strictly meet the above-referenced test if the two actions would 'create a duplication of effort on the part of the parties and waste judicial resources by requiring two courts of common pleas to litigate a matter that in all likelihood could be fully addressed in one forum.'" ***PNC Bank, National Association v. Bluestream Technology, Inc.***, 14 A.3d 831, 835 (Pa. Super. 2010) (quoting ***Norristown Automobile Co., Inc. v. Hand***, 562 A.2d 902, 905 (Pa. Super. 1989)).

Although we review a trial court's order denying a petition to open for abuse of discretion, we review *de novo* whether *lis pendens* operates as a meritorious defense. ***Id.***, 14 A.3d at 835. The trial court determined that Appellants could not rely on *lis pendens* to open the judgment because the case before it did not involve two pending actions: "Santander's instant judgment by confession is not a pending lawsuit but a mere ministerial act performed by the Office of the Prothonotary, whose duty is to merely enter the judgment by confession in accordance with the Pennsylvania Rules of Civil Procedure." Trial Court Opinion, 7/24/14, at 11 (citation omitted). While on its face a judgment of confession is an administrative function, when Appellants filed a petition to open this judgment, the proceeding was converted into a lawsuit. Therefore, the trial court erred in its characterization of the entry of the judgment of confession as a clerical task and in rejecting Appellants' *lis pendens* argument on this basis.

Nevertheless, we conclude that Appellants' *lis pendens* argument is unavailing because it is moot. On January 28, 2015, the panel in Appellants' appeal of the Berks County case issued a decision affirming the trial court's order sustaining Santander's preliminary objections to Appellants' complaint. ***Angino, et al. v. Santander, et al***, No. 489 MDA 2014 (Pa. Super. filed January 28, 2015) (unpublished memorandum at 15). On April 2, 2015, Appellants' petition for reargument before this Court *en banc* was denied.

- 10 -

Thus, there is no pending lawsuit implicating application of *lis pendens* principles.

An additional consideration is that the panel in **Angino, et al. v. Santander, et al.**, addressed and rejected each of the defenses raised by Appellants in this appeal. **Angino**, slip op. at 7–15. Accordingly, it is not within our province to adjudicate the merits of the defenses raised by Appellants. It is beyond the power of a panel of the Superior Court to overrule a prior decision of the Superior Court. **Commonwealth v. Hull**, 705 A.2d 911, 912 (Pa. Super. 1998) (citations omitted).[5]

Accordingly, we affirm the order of the trial court, albeit for different reasons. Order affirmed.

---

[5] Appellants also presented a one-paragraph argument that venue in the Philadelphia County Court of Common Pleas was improper. This issue is waived because it was not put forth in Appellants' statement of questions involved nor was it developed in any meaningful manner. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); **Banfield v. Cortes**, ___ A.3d ___, 2015 WL 668060, *18, 83 MAP 2013 (Pa. 2015) (filed February 17, 2015) (where appellate brief fails to develop issue in any meaningful fashion capable of review, claim is waived).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/28/2015