J-A21019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| 411 WEST RIDGE PIKE, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LIMERICK REALTY PARTNERS, LLC, LIMERICK DINING CORP., MICHAEL MIHOS, EFTHYMIOS TZORTZATOS, MARK KLEIN, AND NICK DELLAPORTAS | : | No. 815 EDA 2023 |
| Appellants | : | |

Appeal from the Order Entered February 16, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2020-10918

BEFORE:  BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                **FILED NOVEMBER 09, 2023**

Appellants, Limerick Realty Partners, LLC, Limerick Dining Corp., Michael Mihos, Efthymios Tzortzatos, Mark Klein, and Nick Dellaportas, appeal from the February 16, 2013 Order granting the Petition to Reassess Damages filed by Appellee, 411 West Ridge Pike, LLC.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  In 2011, the individual Appellants, Michael Mihos, Efthymios Tzortzatos, Mark Klein, and Nick Dellaportas (collectively, "Guarantors") guaranteed a commercial mortgage note in the amount of $2.35 million, which Appellants Limerick Realty Partners, LLC and Limerick Dining Corp. (collectively, "Limerick"), had executed in favor of Parke Bank ("Bank").  The note was secured by a

mortgage in Bank's favor given by Limerick on real property located at 411 W Ridge Pike (the "Property").

Appellants failed to make payments on the note. On April 5, 2019, Bank entered a confessed judgment in Philadelphia County against Appellants for $2,059,000. Relevant to this appeal, pursuant to the terms of the confession of judgment documents, the judgment contained a $53,663.92 prepayment premium and an attorney's fees of $184,177.75.[1] Appellants did not challenge the fact that the judgment included amounts for a prepayment premium or attorney's fees of the amount of those charges. In fact, they took no action and failed to file a petition to open or strike the confessed judgment.

On June 26, 2020, Bank filed a *praecipe* to file and index the judgment in Montgomery County. On October 12, 2020, Bank assigned the judgment to 411 West Ridge Pike, LLC ("Appellee"). Appellee was the successful bidder at a subsequent sheriff's sale and purchased the Property for $2,689. Appellee took possession of the Property in June 2021.

In December 2021, Appellee filed a petition to set fair market value of the property at $1,600,000. The trial court held a hearing on the petition in November 2022, after which it granted the petition and set the value of the property as requested.

---

[1] **See** Complaint in Confession of Judgment, 4/5/19, at ¶ 27. Pursuant to the confession of judgment of documents, the attorney fees represented ten percent of principal and interest due under the note.

On November 29, 2022, Appellee filed a motion to reassess damages on the judgment. Relying on the $1,600,000 valuation of the property, Appellee sought the imposition of interest, and the reaffirmation of its attorney fees and the prepayment premium as established in the 2019 confessed judgment. Appellants opposed the motion, claiming that it was improper to permit the reassessment of the prepayment premium and attorney fees.

The court held a hearing on the motion to reassess damages and, on February 13, 2023, entered an order granting the motion and including the full amount of the requested attorney fees and the full amount of the prepayment premium—$184,177.75 and $53,663.92, respectively. Relevantly, relying on Pa.R.Civ.P. 2959, the trial court concluded that Appellants' failure to file a timely petition to strike or open the confessed judgment precluded them from challenging these amounts.[2]

This timely appeal followed. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Appellants raise the following five issues on appeal:

1. Whether the trial court abused its discretion or committed an error of law permitting a pre-payment penalty to be imposed on a Motion to Reassess Damages when the unrefuted record confirms the right to assess such a charge expired four years prior to the entry of the original confessed judgment?

---

[2] Rule 2959 provides, in pertinent part, that "[r]elief from a judgment by confession **shall** be sought by petition" and filed within thirty days of the service of written notice of the entry of the confessed judgment. Pa.R.Civ.P. 2959(a)(1), (a)(3). "A party waives all defenses and objections which are not included in the petition or answer." *Id.* at (c).

2. Whether the trial court abused its discretion or committed an error of law in not determining whether the requested attorney fees were reasonable?

3. Whether the trial court abused its discretion or committed an error of law in failing to provide a loadstar evaluation of the demanded attorney fees (*i.e.*[,] multiplying the total number of hours reasonably expended by the reasonable hourly rate) on the Motion to [R]eassess [D]amages for determining what constituted a reasonable attorney fee?

4. Whether the trial court abused its discretion or committed an error of law in failing to apply the merger doctrine which prohibits assessing additional damages including pre-payment penalties and attorney fees following this issuance of a judgment?

5. Whether the trial court abused its discretion or committed an error of law where under the merger doctrine a contract is deemed to merge with the judgment thereby depriving a plaintiff from being able to assert claims based on the terms and provision of the contract instruments after the entry of the judgment?

Appellants' Brief at 4-5 (reordered for ease of disposition).

**A.**

In their first issue, Appellants claim that the trial court erred in granting Appellees' Motion to Reassess Damages, resulting in the inclusion of attorney fees and a "prepayment premium" to the judgment in Appellees' favor. *Id.* at 17-20. In support of this claim, Appellants argue that the trial court's error resulted from a "confluence of [j]udgments and jurisdictions involved in this proceeding." *Id.* at 17. Without citation to any controlling authority,[3] they

---

[3] Appellants cited only to *EMC Mortgage, LLC. v. Biddle*, 114 A.3d 1057 (Pa. Super. 2015), for the general proposition that "[a] trial court enjoys the inherent power to amend a judgment until the judgment is discharged or
*(Footnote Continued Next Page)*

posit that because Appellees transferred the confessed judgment to Montgomery County from Philadelphia County, and then filed a petition to fix the fair market value of the property pursuant to the Deficiency Judgment Act, Section 8103 of the Act[4] controls and provides the Montgomery County court with authority to conduct a "full and fair review of" the confessed judgment originally entered in Philadelphia County. *Id.* at 19.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Eichman v. McKeon*, 824 A.2d 305, 319 (Pa. Super.

---

satisfied." Appellant's Brief at 19-20 (quoting *EMC Mortgage*, 114 A.3d 1064). Beyond standing for this general proposition, *EMC Mortgage* is inapposite as it concerns a homeowner's challenge to a lender's motion to reassess damages following entry of a default judgment against the homeowner in a mortgage foreclosure action. *EMC Mortgage*, 114 A.3d at 1059. There, the homeowner argued that the lender was not entitled to a modification of damages to include additional costs and interest because the mortgage foreclosure judgment was final when entered and, thus, the lender's damages were fixed at that time. *Id.* *EMC Mortgage* does not discuss the Deficiency Judgment Act or, critically, the authority of a trial court to modify or reassess a judgment initially entered by confession in a different jurisdiction. Accordingly, it provides no guidance on the issue raised by Appellants in this case.

[4] Appellants rely on the provision in Section 8103, titled "Deficiency Judgments" which provides, in relevant part, that "[i]f the judgment was transferred from the county in which it was entered to the county where the execution sale was held, the judgment shall be deemed entered in the county in which the sale took place." 42 Pa.C.S. § 8103(a). Our review of this provision indicates that the term "judgment" references a deficiency judgment. Here, the deficiency judgment was entered in Montgomery County. It was not entered in Philadelphia County and then transferred to Montgomery County. We, therefore, conclude that, even if Appellants' claim did not fail for the reason set forth *infra*, this provision of the Deficiency Judgment Act is inapplicable to the instant facts and would not provide Appellants relief.

2003) (citations omitted).  **See** Pa.R.A.P. 2111 and Pa.R.A.P. 2119 (listing argument requirements for appellate briefs).  "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a [c]ourt will not consider the merits thereof."  ***Branch Banking and Tr. v. Gesiorski***, 904 A.2d 939, 942-43 (Pa. Super. 2006) (citation omitted).  **See** Pa.R.A.P. 2101 (explaining that substantial briefing defects may result in dismissal of appeal).

Here, Appellants have not cited to any controlling authority in support of their claim that the provisions of the Deficiency Judgment Act permit one court to conduct a "full and fair review" or to modify a previously unchallenged confessed judgment entered in a sister court.  They have similarly not provided any authority demonstrating that the trial court erred in relying on Pa.R.Civ.P. 2959 to determine that Appellants' failure to timely challenge the confessed judgment by filing a petition to open or strike it precluded them from challenging it four years later.  Appellants' failure to develop this issue has precluded our ability to provide meaningful review.  Thus, it is waived.

**B.**

In their second and third issues, Appellants assert that the court erred in not considering whether the assessed attorney fees were reasonable. Appellants' Brief at 20-24.  Appellants claim that because "[t]here was no judicial determination of the amounts included in the Philadelphia Court confessed judgment . . . [d]ue process and a court's inherent authority mandates the [t]rial [c]ourt to properly consider this issue."  ***Id.*** at 23.

The trial court found that Appellants waived their objection to the amount of the prepayment premium and attorney fees by failing to file a timely petition to strike or open the confessed judgment.[5] The court noted that

> Both the pre-payment penalties and attorney's fees were a part of the original judgment, they were not added on after the fact. In addition, these damages were never objected [to] at the time the judgment was originally entered. The amount due under the note included the 53,663.92 dollars for the prepayment premium and the 182,177.75 dollars for the attorney's fees.

Trial Ct. Op., 5/10/23, at 3. The court further explained that Appellants were "aware of the requested attorney fees when they confessed judgment and never sought to open or strike the judgment." *Id.*

As noted above, Rule 2959 provides, in pertinent part, that "[r]elief from a judgment by confession **shall** be sought by petition" and filed within thirty days of the service of written notice of the entry of the confessed judgment. Pa.R.Civ.P. 2959(a)(1), (a)(3). "A party waives all defenses and objections which are not included in the petition or answer." *Id.* at (c). **See also Davis v. Woxall Hotel, Inc.**, 577 A.2d 636, 638-39 (Pa. Super. 1990) (explaining that "[d]efenses to a confessed judgment that are not contained in the petition to open or strike the judgment are waived"); **Romah v. Romah**, 600 A.2d 978, 981 (Pa. Super. 1991) (holding that a defendant cannot seek relief from

---

[5] The court also found that an attorney fee of ten percent was reasonable in light of the complexity of this litigation and that there are "multiple cases in Pennsylvania where ten percent attorney fees has been determined to be reasonable." Trial Ct. Op. at 3-4 (citations omitted.)

unreasonable attorney's fees when he did not raise that issue in a petition to open or strike the confessed judgment and observing that "raising these issues in a collateral proceeding will not avoid the effects of the earlier waiver"); **Duque v. D'Angelis**, 568 A.2d 231, 233 (Pa. Super. 1990) (stating that the failure to contest the amount of a confessed judgment in a petition to open or strike results in waiver).

Here the trial court determined that, because the judgment of confession entered more than four years earlier included prepayment penalties and attorney fees, Appellants' failure to file a petition to strike or open that confessed judgment as required by Pa.R.Civ.P. 2959 precluded them from challenging the inclusion of those amounts in the reassessed judgment in Appellees' favor.

Based on our review of relevant authority, we agree that Appellants' failure to challenge the amount of the attorney fees and prepayment premium by filing a petition to open or strike the confessed judgment precludes Appellants from raising this claim now. Appellants are, thus, not entitled to relief.[6]

Order affirmed.

---

[6] In their fourth and fifth issues, Appellants purport to challenge the court's failure to apply the merger doctrine, which Appellants argue would prohibit Appellee from asserting additional claims and the court from assessing additional damages. Appellants have not, however, presented any argument in support of these claims. We, therefore, conclude that Appellants have abandoned them.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/9/2023